UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARY BAILEY, | 05-CV-0355E(F) |
| Plaintiff, | |
| -vs- | MEMORANDUM |
| THE TOWN OF EVANS, NEW YORK, | and |
| ROBERT R. CATALINO II, solely in his official capacity as Supervisor of the Town of Evans, New York, | ORDER[1] |
| THOMAS CSATI, | |
| KAREN ERICKSON, | |
| JOSEPH GOVENETTIO and | |
| KATHY BARTUS, all solely in their official capacities as members of the Town Board of the Town and Evans and | |
| JEANNE Z. CHASE, | |
| Defendants. | |

---

## INTRODUCTION

Plaintiff Mary Bailey alleges that the Town of Evans and the members of its Town Board violated her First Amendment rights of political affiliation and free speech as well as her Equal Protection rights when they failed to hire her for the position of Assessor and instead hired defendant Jeanne Z. Chase ("Chase").[2] Bailey contends that Chase was not qualified for the position but was hired based

---

[1] This decision may be cited in whole or in any part.

[2] Defendants note that this defendant's proper name is Jeanne Z. Chase Ebersoll. The Court, however, will refer to the name under which she is sued herein.

on her political affiliations, which the Town Board members preferred to Bailey's political affiliations. Bailey seeks declaratory and injunctive relief as well as compensatory and punitive damages.

On June 16, 2005 Defendants filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"). Defendants argue that Bailey cannot state a claim for violation of her First Amendment rights because the position of Town Assessor is a discretionary appointment within the New York State Civil Service and, as Jeanne Chase was a qualified candidate, Bailey cannot state any claim for violation of the Civil Service law.[3] They also argue that no preference was shown based on political affiliation as both Bailey and Chase are Republicans.[4] Finally, defendants argue that Bailey's Equal Protection claim must be dismissed because she has failed to allege membership in a protected class.[5] Bailey makes no argument with respect to her Equal Protection claim but argues that — taking her allegations as true — she has

---

[3] Defendants submitted the affidavit of Charles G. Katra in support of the Motion. Katra's Affidavit contains factual representations as to Chase's qualifications for the Assessor position. The Court has not considered the Katra affidavit.

[4] Bailey did not allege Chase's party affiliation within the Complaint. Thus, Defendants' argument is based on a proposed fact not contained within the pleadings and this Court will not consider such.

[5] Defendants asserted in their Reply Memorandum supporting the Motion that Bailey's claims should also be dismissed based on the qualified immunity doctrine. As this argument was made for the first time in reply, Bailey has had no opportunity to address it and the Court will not consider such argument on this Motion.

alleged sufficient facts to state a claim for violation of her First Amendment rights. The Court heard oral argument on July 27, 2005 at which time the Motion was deemed submitted.

## DISCUSSION

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), the Court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Phelps* v. *Kapnolas*, 308 F.3d 180 (2d Cir. 2002).  The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957).  Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on her claims but must "assess the legal feasibility of the complaint."  *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). When materials outside the Complaint are presented to the Court on such a motion, the Court may either reject the extraneous materials or, upon notice to all parties, convert the motion to one for summary judgment and then consider all such materials.  *See* FRCvP 12(b).  Such materials have been presented to the Court in this instance and the Court declines to consider them at this time.

A.  Claims against Defendant Chase

While Defendants' Motion did not seek to dismiss the claims as against Chase specifically, the Court must consider such claims first in light of the utter lack of legal basis for the same.  Bailey alleges that both she and Chase applied for the position of Evans Town Assessor and that Chase, rather than Bailey, was awarded that position even though Chase was not qualified.  Assuming those allegations to be true, Bailey has failed to state any claim for relief against Chase.

It is axiomatic that, in order to hold an individual liable for the deprivation of federal rights under 42 U.S.C. §1983, a plaintiff must show that the defendant is a "person" acting "under color of state law" and that the defendant caused the plaintiff to be deprived of a federal right.  *See Back* v. *Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (*citing Monroe* v. *Pape*, 365 U.S. 167 (1981)).  Here, Bailey alleges only that Chase was hired for a position to which Bailey contends she should have been appointed.  There is no allegation that Chase played any role whatsoever in the decision to hire herself and not Bailey. Thus Chase has not "acted" in an manner whatsoever, much less "under color of state law."  Therefore, any and all claims against Chase will be dismissed.

B.  First Amendment

Bailey alleges that her First Amendment rights were violated because she was not selected for the Assessor position because of her political beliefs.

Defendants argue that the candidate selected — Chase — was qualified and that political affiliation played no role in the decision.

The United States Supreme Court has held that a public employer may not base hiring decisions on political affiliation. In *Rutan* v. *Republican Party of Illinois*, 497 U.S. 62, 78 (1990), the Court stated that, "[u]nder our sustained precedent, conditioning hiring decisions on political belief and association plainly constitutes an unconstitutional decision, unless the government has a vital interest in doing so."

Therefore, assuming true the facts alleged in the Complaint — namely, that Bailey was qualified for the position, that Chase was not qualified for the position and that Bailey was not selected for the position because Defendants preferred Chase's political affiliations —, Bailey has stated a claim for the violation of her First Amendment rights. Defendants' argument — that political affiliation played no role in the selection of the successful candidate — raises an issue of fact which must be determined by the trier of fact and thus Defendants' Motion to Dismiss Bailey's First Amendment claim will be denied.

C. Equal Protection

In her second cause of action, Bailey alleges that the same events demonstrate that she was denied equal protection of the law. Defendants argue that Bailey's Equal Protection claim must be dismissed because she failed to

allege membership in a protected class. Bailey, erroneously interpreting Defendants' submission as failing to address the Equal Protection claim, did not respond to that argument.

In her Complaint, Bailey alleges that

"the Defendants $_{***}$ have imposed and enforced [policies, customs, regulations and legislation] differently with respect to the citizenry, so that Plaintiff has been treated unequally and has substantially less rights to freedom of speech and freedom of association than do other persons and citizens."

Compl. at ¶ 40. Bailey further alleges that "[b]ecause Defendants have treated Plaintiff differently than those similarly situated, Defendants have violated Plaintiff's constitutional right to equal protection." *Id*. at ¶ 41.

A plaintiff need not allege membership in a protected class in order to state a claim under the Equal Protection clause. "[T]he Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injury a person.'" *Bizzarro* v. *Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (*quoting LeClair* v. *Saunders*, 627 F.3d 606, 609-10 (2d Cir. 1980)). Moreover, "a successful equal protection claim may be 'brought by a "class of one", where the plaintiff alleges that she has been intentionally treated differently from others similarly situated

and that there is no rational basis for the difference in treatment.'" *Demuria* v. *Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003) (*quoting Village of Willowbrook* v. *Olech*, 528 U.S. 562, 564 (2000)).

Here, Bailey has alleged that Defendants intentionally treated her differently than similarly situated individuals for the purpose of impacting her First Amendment rights. Such allegations are — at this preliminary stage of the litigation — sufficient to allow Bailey's Equal Protection claim to proceed.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss the Complaint is granted as to all claims against Chase and denied in all other respects.

DATED:   Buffalo, N.Y.

   July 21, 2006

>                          */s/ John T. Elfvin*
>                          JOHN T. ELFVIN
>                          S.U.S.D.J.